IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD ROEGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| BADAR, INC., HARDIAL SINGH ) | |
| MANGAT AND SURINDER ) | |
| MANGAT, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

COMES NOW, RICHARD ROEGNER, by and through the undersigned counsel, and files this, his Complaint against Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, RICHARD ROEGNER (hereinafter "Plaintiff"), is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, BADAR, INC. (hereinafter "BADAR, INC."), is a Texas corporation that transacts business in the State of Texas and within this judicial district.

8. Defendant, BADAR, INC., may be properly served with process via its registered agent for service, to wit: Towfiq Gilani, Registered Agent, 12010 Bammel

North Houston, Suite A, Houston, TX 77006.

9. Defendant, HARDIAL SINGH MANGAT (hereinafter "HARDIAL SINGH MANGAT"), is an individual who that transacts business in the State of Texas and within this judicial district.

10. Defendant, HARDIAL SINGH MANGAT, may be properly served with process for service, to wit: 16433 Smith Street, Jersey Village, TX 77040-2835.

11. Defendant, SURINDER MANGAT (hereinafter "SURINDER MANGAT"), is an individual who transacts business in the State of Texas and within this judicial district.

12. Defendant. SURINDER MANGAT, may be properly served with process for service, to wit: 16433 Smith Street, Jersey Village, TX 77040-2835.

## FACTUAL ALLEGATIONS

13. On or about October 6, 2018, Plaintiff was a customer at "Super Food," a business located at 12010 Bammel North Houston, Houston, TX 77066.

14. BADAR, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

15. HARDIAL SINGH MANGAT is the owner or co-owner of the real property and improvements that Super Food is situated upon and that is the subject of this action, referenced herein as the "Property."

16. SURINDER MANGAT is the owner or co-owner of the real property and improvements that Super Food is situated upon and that is the subject of this action, referenced herein as the "Property."

17. Plaintiff lives 1.9 miles from the Property.

18. Plaintiff's access to the business(es) located 12010 Bammel North Houston, Houston, TX   77066, Harris County Property Appraiser's account number 1164860000001 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Super Food and the  Property, including those set forth in this Complaint.

19. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Super Food and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Super Food and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Super Food and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

20. Plaintiff intends to revisit Super Food and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

21. Plaintiff travelled to Super Food and the Property as a customer and as an

independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

23. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination

and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

25. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

26. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27. Super Food is a public accommodation and service establishment.

28. The Property is a public accommodation and service establishment.

29. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to

implement the requirements of the ADA. 28 C.F.R. Part 36.

30. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

31. Super Food must be, but is not, in compliance with the ADA and ADAAG.

32. The Property must be, but is not, in compliance with the ADA and ADAAG.

33. Plaintiff has attempted to, and has to the extent possible, accessed Super Food and the Property in his capacity as a customer at Super Food and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Super Food and the Property that preclude and/or limit his access at Super Food and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Plaintiff intends to visit Super Food and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Super Food and the Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Super Food and the Property that preclude and/or limit his access to Super

Food and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.     Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Super Food and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

36.     Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, are compelled to remove all physical barriers that exist at Super Food and the Property, including those specifically set forth herein, and make Super Food and the Property accessible to and usable by Plaintiff and other persons with disabilities.

37.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Super Food and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations at Super Food and the Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

(i)   There are two accessible parking spaces across the vehicular way from the accessible entrances that have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)  The access aisles adjacent to these accessible parking spaces have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) All accessible parking spaces are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv)  Accessible parking spaces are not properly located and/or distributed on the Property in violation of Section 208.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)   One or more accessible parking spaces is not located on the shortest accessible route from the accessible parking space to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)  One or more accessible ramps servicing the Property and/or Facility lack finished edges or edge protection and/or are otherwise in violation of

       Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii) The credit card slot and/or actuators on the gas pumps are at a height exceeding 54 inches from the finished floor in violation of Section 308.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly transact business at the Conoco.

(viii) There is an excessive vertical rise along the accessible route or path leading from one of the accessible ramps in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(ix) There is at least one accessible parking space, near Unit G, that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(x) Accessible parking spaces near Unit G have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xi) The accessible ramp near Unit G lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xii) There is at least one accessible parking space, near Unit P, that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xiii) The accessible ramp near Unit P lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xiv) At least two accessible parking spaces near Unit O are not adequately marked and are in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xv) The two accessible parking spaces near Unit O are not located on the shortest accessible route from the accessible parking space to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xvi) The two accessible parking spaces near Unit O lack an accessible route from accessible parking spaces to the accessible entrance of the Property and/or Facility, due to the lack of an accessible ramp anywhere near the accessible parking space, in violation of Section 206.2.1 of the 2010

ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

**INSIDE SUPER FOOD:**

(xvii) The vertical reach to the soda dispensers, frozen drink dispensers and cappuccino machines exceeds the maximum allowable height of 48 inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Facility.

(xviii) Due to a policy of maximizing product placement, the interior of Super Food has walking surfaces lacking a 36 inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Facility.

(xix) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN SUPER FOOD**

(i) The Facility lacks restrooms signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii) There is inadequate clear turning space in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(vii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii) The door of the restroom entrance of the Facility lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

 (ix) The restroom door swings into the clear floor space of the sink in violation of Section 603.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

38. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Super Food and the Property.

39. Plaintiff requires an inspection of Super Food and the Property in order to determine all of the discriminatory conditions present at Super Food and the Property in violation of the ADA.

40. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41. All of the violations alleged herein are readily achievable to modify to bring Super Food and the Property into compliance with the ADA.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Super Food and the Property is readily achievable because the nature and cost of the modifications are relatively low.

43. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Super Food and the Property is readily achievable because Defendants has the financial resources to make the necessary modifications.

44. Upon information and good faith belief, Super Food and the Property have

been altered since 2010.

45. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Super Food and the Property, including those alleged herein.

47. Plaintiff's requested relief serves the public interest.

48. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT.

49. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, pursuant to 42 U.S.C. §§ 12188 and 12205.

50. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, to modify Super Food and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, BADAR, INC., HARDIAL SINGH

MANGAT AND SURINDER MANGAT, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, BADAR, INC., HARDIAL SINGH MANGAT AND SURINDER MANGAT, to (i) remove the physical barriers to access and (ii) alter the subject Super Food and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 22, 2018.

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com